# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| PATRICK BERNARD SMITH, §<br>#896428 §<br> §<br> §<br>v. § Case No. 6:20-cv-493-JDK-JDL<br> §<br>DIRECTOR, TDCJ-CID §<br> § | |

### ORDER ADOPTING REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Patrick Bernard Smith, an inmate confined at the Powledge Unit of the Texas Department of Criminal Justice, filed this federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a prison disciplinary case. The action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.

On October 6, 2020, the Magistrate Judge issued a Report and Recommendation recommending that the Court deny the petition and dismiss the case with prejudice because Petitioner had not shown a protected liberty interest at stake. Docket No. 5 at 4. The Report further recommended that a certificate of appealability be denied *sua sponte*. *Id*. at 5. Petitioner timely objected. Docket No. 6.

Where a party objects within fourteen days of service of the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en*

1

*banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Petitioner argues that: (1) he has a liberty interest in his loss of good time because he is eligible for parole; (2) his due process rights were violated when the charging officer testified that she did not witness the fight at issue in his disciplinary case; (3) his constitutional rights were violated because he was not allowed to cross-examine witnesses at his hearing; (4) the procedure of his hearing violated the TDCJ-CID disciplinary rules; (5) the charging officer testified that her information came from an informant; (6) this loss of good time could be held against him when he comes up for parole, and (7) his punishment of cell restriction was actually administrative segregation. Docket No. 6.

As an initial matter, it appears that Petitioner confuses mandatory supervision and parole. In the Report, the Magistrate Judge stated that Petitioner is not eligible for release on mandatory supervision because he is serving a life sentence for capital murder. Docket No. 5 at 1. Petitioner objects to this statement and argues that he is eligible for parole. Docket No. 6 at 1.

"In Texas, there are two general ways in which an inmate may become eligible for early release. First, an inmate may become eligible for parole; second, he may become eligible for mandatory supervised release." *Teague v. Quarterman*, 482 F.3d 769, 774 (5th Cir. 2007). The Texas Government Code defines parole as "the discretionary and conditional release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's

2

sentence under the supervision of the pardons and paroles division." Tex. Gov't Code § 508.001(6). Mandatory supervision is defined as "the release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." Tex. Gov't Code § 508.001(5).

The distinction between the two types of release matters here. The Fifth Circuit has held that there is no protected liberty interest in previously earned good-time credits when an inmate is not eligible for mandatory supervision. *See Stewart v. Crain*, 308 F. App'x 748, 750 (5th Cir. 2009) (unpublished). Under Texas law, a defendant convicted of murder is ineligible for mandatory supervision. *See* Tex. Gov't Code § 508.149(a)(2) (defendants convicted of murder are ineligible for mandatory supervision); *see also Antone v. Preschel*, 347 F. App'x 45, 46 (5th Cir. 2009) (unpublished) ("Because Antone's murder conviction disqualifies him from release on mandatory supervision, *see* Tex. Gov't Code § 508.149(a)(2), the district court did not err in finding that Antone failed to state a due process claim with respect to the loss of good time credits.").

Here, while Petitioner is correct that he is eligible for parole, he is not eligible for mandatory supervision because he is serving a life sentence for capital murder. Petitioner's first six objections are based on the premise that he had a liberty interest at stake. Because he is not eligible for mandatory supervision, he has no liberty interest in his previously earned good-time credits. Accordingly, these objections are **OVERRULED**. *See Sandin v. Conner*, 515 U.S. 472, 487 (1995) (holding that absent

3

atypical punishment, a prisoner does not have a basis for a federal lawsuit concerning a disciplinary action).

The Court understands Petitioner's final objection as arguing that the Magistrate Judge erred by stating that Petitioner was never confined to administrative segregation. Petitioner argues that his punishment of cell restriction was in fact administrative segregation and thus his constitutional rights were violated. Docket No. 6 at 4. Even assuming that his punishment could be defined as administrative segregation, to the extent that Petitioner argues it was an atypical, significant hardship and violated his constitutional rights, the Court notes that this claim is without merit. Federal courts have found that "[c]ases where segregated confinement is sufficiently 'atypical' to implicate a due process liberty interest involve circumstances much harsher" than those presented by Petitioner here. *See Hernandez v. Velasquez*, 522 F.3d 556, 563 (5th Cir. 2008). Accordingly, Petitioner's final objection is **OVERRULED**.

Having conducted a de novo review of the Report and the record in this case, the Court has determined that the Report of the United States Magistrate Judge is correct, and Petitioner's objections are without merit. The Court therefore **OVERRULES** Petitioner's objections (Docket No. 6) and **ADOPTS** the Report and Recommendation of the Magistrate Judge (Docket No. 5) as the opinion of the District Court. Petitioner's petition for habeas corpus is hereby **DISMISSED** with prejudice. A certificate of appealability is **DENIED**.

So **ORDERED** and **SIGNED** this **19th** day of **January, 2021.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE